UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MINGGUO CHO,

                Plaintiff,              REPORT AND RECOMMENDATION

    -against-

                                              07 Civ. 7722 (PAC) (GWG)

GEORGE W. BUSH and THE UNITED
STATES OF AMERICA,

                Defendants.
----------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge,

       Plaintiff, appearing pro se, brings this action purportedly pursuant to 42 U.S.C. § 1983, alleging federal constitutional violations on the part of defendants, and also under the Court's diversity subject matter jurisdiction. Plaintiff seeks a total of $11 billion in damages. For the following reasons, the complaint should be dismissed.

I. THE ALLEGATIONS OF THE COMPLAINT

       The complaint alleges that, although plaintiff's formal education is in engineering, plaintiff has "extended his expertise and knowledge in the area of 'QI-Kong' (energy function) which has enabled him to discover a 'life energy system' contained in the bodies of all human beings." Complaint, filed Aug. 30, 2007 (Docket #1) ("Compl."), ¶4. According to plaintiff, "[t]he life energy system and its workings have not previously been mentioned in Western medical publications dealing with anatomy," but the system is "well-known and publicized in Far Eastern medical books (especially Chinese) and has been used to identify the etiology and treatment of virtually all diseases." Id. "As a result of plaintiff's aforesaid discovery, plaintiff has been able to identify, treat and cure many diseases which are commonly labelled [sic] at the

present time as being 'incurable' including, but not limited to, LUPUS and AIDS." Id. ¶5 (capitalization in original).

Plaintiff alleges that the public is not benefitting from his efforts to cure diseases "because of a vast institutionalized conspiracy to slander health providers who do not have medical degrees." Id. ¶ 7. He asserts that the "institutionalized prejudice and denigration against health providers lacking medical degrees is encouraged and promoted by the government of the United States as well as its agencies and the President as part of a vast conspiracy with drug companies, medical doctors, hospitals and others." Id. ¶11. Plaintiff alleges that defendant "George W. Bush . . . conspired with all of the aforementioned governmental agencies, health providers, drug companies, etc.[,] in an effort to deprive plaintiff of his rights." Id. ¶16. Plaintiff alleges that such conspiracy or conspiracies "were undertaken by George W. Bush both when he served as Governor of Texas (utilizing Texas law to foster and perpetuate the conspiracy) and as President of the United States." Id. Plaintiff alleges that

> [t]he conspiracy and both actions and omissions by defendants and their servants, agents and employees have denied plaintiff, who is a citizen of the United States, his rights, privileges, and immunities as guaranteed by the United States and New York State Constitutions and laws including, but not limited to, the right to free speech.

Id. ¶7.

II. DISCUSSION

As an initial matter, to the extent plaintiff is seeking to assert constitutional claims against the United States of America or George W. Bush in his official capacity, any such claims must be dismissed inasmuch as the United States has not waived its sovereign immunity for constitutional claims seeking money damages. See, e.g., Deutsch v. Fed. Bureau of Prisons, 737

F. Supp. 261, 265 (S.D.N.Y.1990); see also Chen v. United States, 854 F.2d 622, 625-26 (2d Cir.1988) (Government's waiver of sovereign immunity under Federal Tort Claims Act does not extend to claims based on "direct violations of the Federal Constitution . . . or of federal statutes or regulations standing alone").

Plaintiff may be intending to pursue a claim against George W. Bush as an individual – presumably pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), under 42 U.S. § 1985 (to the extent this statute may be construed as allowing claims against individuals acting under color of federal law), and/or under 42 U.S.C. § 1983 (to the extent plaintiff challenges conduct by George W. Bush when he was a state actor). Under these claims for relief, a plaintiff may sue individuals acting under color of law for violations of federal constitutional rights.

Plaintiff's complaint fails under these theories, however, because his allegations are hopelessly vague and conclusory. The Second Circuit has squarely held that "complaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed." Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977) (citations omitted); accord Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (conspiracy-to-retaliate claim was properly dismissed because it was "unsupported, speculative, and conclusory") (internal quotation marks omitted); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) ("vague, prolix allegations of a conspiracy" are insufficient to state a claim); Zemsky v. City of New York, 821 F.2d 148, 151 (2d Cir. 1987) ("[A] pro se complaint 'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.'") (citation omitted); McArthur v. Bell, 788 F.

Supp. 706, 711 (E.D.N.Y. 1992) (because conspiracy accusations can be "highly disruptive," complaint with only "vague and conclusory allegations" must be dismissed). Accordingly, plaintiff's claims with respect to George W. Bush in his individual capacity should be dismissed.

The Court recognizes that no party has yet moved to dismiss this action. But the Second Circuit has held that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee." Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (per curiam); accord Mallard v. United States Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 307-08 (1989) (the in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999) (complaint may be dismissed prior to service of process and without notice when "it is unmistakably clear that . . . the complaint lacks merit or is otherwise defective"); Pourzancvakil v. Humphry, 1995 WL 316935, at *8 (N.D.N.Y. May 23, 1995) ("The law in this circuit is that a district court may sua sponte dismiss a frivolous complaint even if the plaintiff has paid the filing fee.") (citing Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), aff'd, 41 F.3d 1500 (2d Cir. 1994)). Because plaintiff's complaint is frivolous, it may be dismissed in the absence of a motion by a defendant. In any event, plaintiff will have an opportunity to contest the dismissal through the filing of objections to this Report and Recommendation.

Conclusion

For the foregoing reasons, the complaint should be dismissed.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul A. Crotty, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Crotty. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: September 17, 2007
      New York, New York

                                                                                           GABRIEL W. GORENSTEIN
                                                                                           United States Magistrate Judge

Copy mailed to:

Mingguo Cho
63 East Broadway, Suite 2C
New York NY  10002

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul A. Crotty, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Crotty. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: September 17, 2007
      New York, New York

*/s/ Gabriel W. Gorenstein*
GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy mailed to:

Mingguo Cho
63 East Broadway, Suite 2C
New York NY  10002

5