UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MINGGUO CHO,                                            :

                Plaintiff,                         :         07 Civ. 7722 (PAC) (GWG)

   -against-                                         :         OPINION & ORDER

GEORGE W. BUSH and THE UNITED       :
STATES OF AMERICA,

                Defendants.                       :

-------------------------------------------------------------x

      HONORABLE PAUL A. CROTTY, United States District Judge:

Pro se Plaintiff Mingguo Cho ("Cho") brings this action purportedly pursuant to 42 U.S.C. §1983, alleging federal constitutional violations on the part of the defendants, and also under the Court's diversity subject matter jurisdiction. Plaintiff alleges that President George W. Bush, various government agencies, drug companies, medical doctors, and others conspired to prevent him, for reasons related to his lack of a medical degree, from sharing his efforts to cure diseases. He seeks more than $1 billion in damages from President Bush and the United States' government.

This case was referred to United States Magistrate Judge Gabriel W. Gorenstein, who issued his Report and Recommendation ("R&R") on September 17, 2007, recommending that Plaintiff's complaint be dismissed sua sponte on the grounds that the complaint is frivolous. On October 15, 2007[1], Plaintiff submitted Objections to the R&R, and the United States submitted a response to Plaintiff's objections on October 29, 2007.

---

[1] Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of the R&R to serve and file any objections. See also Fed. R. Civ. P. 6(a), (d). On September 28, 2007, Petitioner Cho requested an extension of time to file his objections until October 15, 2007. The Court granted the application in an order dated October 1, 2007.

Having reviewed the Objections and the government's response, the Court agrees with Magistrate Judge Gorenstein's conclusions as set forth in the R&R and dismisses Plaintiff's complaint.

## DISCUSSION

1. **Consideration of a Report and Recommendation**

A district court may "accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  When a timely objection has been made to the magistrate judge's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F. Supp 815, 817 (S.D.N.Y. 1991).

2. **Relevant Facts**[2]

    a. **Procedural History**

On August 30, 2007, Plaintiff submitted a complaint against the government and President of the United States, alleging a vast conspiracy that deprives Plaintiff of certain constitutional rights, including freedom of speech.  The complaint alleges that, although Plaintiff's formal education is in engineering, he has "extended his expertise and knowledge in an area of 'QI-Kong' (energy function) which has enabled him to discover a 'life energy system' contained in the bodies of all human beings." (Compl. ¶ 4.) Plaintiff claims that this discovery enables him to identify, treat, and cure many diseases, including, but not limited to, Lupus, AIDS, Alzheimer's Disease, Asthma, Psoriasis, and Sudden Infant Death Syndrome.  Plaintiff complains that the public is not benefiting from his efforts to cure diseases because of a "vast institutionalized conspiracy to slander health providers who do not have medical degrees." (Compl. ¶7).  Plaintiff alleges that

---

[2] Unless specifically noted, the relevant facts and information are drawn from the R&R.

Defendant George W. Bush conspired with drug companies, governmental agencies, health providers, and other entities in an effort to deprive him of his "rights, privileges, and immunities as guaranteed by the United States and New York State Constitutions and laws including, but not limited to, the right to free speech." (Compl. ¶ 7).

On September 17, 2007, Magistrate Judge Gorenstein recommended that Plaintiff's complaint be dismissed, sua sponte, as frivolous. Plaintiff was informed of his right, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, to contest this dismissal by filing objections to the R&R.

### b. Plaintiff's Objections

Plaintiff objects to the recommendation of sua sponte dismissal, but his arguments are unclear and incoherent. He claims that "[j]ustice requires this Court to allow the complaint to work its way through the judicial system," (Pl.'s Obj. ¶8) but does not supply the Court with any legal reasoning to support this request; rather, Plaintiff uses his Objections to explain his medical theories and treatments.[3]

For the reasons stated in the R&R, and because his Objections do not state legitimate legal reasons to reverse the findings of the R&R, Plaintiff's claims are DISMISSED.

### 3. Review of R&R

The Court is obligated to read the pleadings and other memoranda of a pro se plaintiff liberally and construe them in a manner most favorable to him. See Burgos v. Hopkins 14 F.3d 787, 790 (2d Cir. 1994). Despite the lack of legally cognizable

---

[3] Plaintiff attempts to explain his theories, and his efforts to publicize the benefits of QI-Kong, by submitting documents available on his website as an attachment to his Objections. (See Pl.'s Obj., Ex. A.)

3

objections, this Court will conduct a comprehensive review of the R&R and give Plaintiff's claims their most generous readings.

### a. Sovereign Immunity

Plaintiff is suing the government of the United States and President George W. Bush for $10 million in damages plus $1 billion in punitive damages plus the costs of the action. To the extent Plaintiff is seeking to assert constitutional claims against the United States or George W. Bush, in his official capacity (as either President or Governor of Texas), all claims must be dismissed because the United States has not waived its sovereign immunity for constitutional claims seeking money damages. See, e.g., Deutsch v. Fed. Bureau of Prisons, 737 F. Supp. 261, 265 (S.D.N.Y. 1990); see also Chen v. United States, 854 F.2d 622, 625-26 (2d Cir. 1988).

### b. Potential Bivens Action

Plaintiff may be intending to sue President Bush as an individual for violations of federal constitutional rights pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), under 42 U.S.C. § 1983 (state actor) and/or 42 U.S.C. § 1985 (acting under color of federal law). The complaint fails under these theories. As stated in the R&R, Plaintiff's allegations are "hopelessly vague and conclusory." (R&R 3.) "[C]omplaints containing only 'conclusory,' 'vague,' or 'general allegations' of a conspiracy to deprive a person of his constitutional rights will be dismissed." Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977); Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) ("vague, prolix allegations of conspiracy" are insufficient to state a claim); Zemsky v. City of New York, 821 F.2d 148, 151 (2d Cir. 1987) ("[A] pro se complaint 'containing only conclusory, vague or general allegations of conspiracy to

4

deprive a person of constitutional rights cannot withstand a motion to dismiss.'") (citation omitted). Accordingly, Plaintiff's complaint against George W. Bush in his individual capacity must be dismissed.

4. **Sua Sponte Dismissal**

The Second Circuit has held that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee." Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) (per curium). Accordingly, Plaintiff's frivolous complaint is dismissed sua sponte.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint alleging a conspiracy and demanding money damages is **DISMISSED**. As Plaintiff has not made a substantial showing of a denial of a federal right, appellate review is not warranted. See 28 U.S.C. §2253(c)(2). The Clerk of the Court is directed to close out this case.

Dated: New York, New York
       February 4, 2008

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

Copies Mailed By Chambers To:

Mingguo Cho
63 East Broadway, Suite 2C
New York, NY 10002